# LAW OFFICES OF BARRY M. BORDETSKY

| | |
|---|---|
| **570 Lexington Avenue, 24th Floor** | **22 North Park Place, 2nd Floor** |
| **New York, New York 10022** | **Morristown, New Jersey 07960** |
| **Tel.: (212) 688-0008** | **Tel.: (973) 998-6596** |
| **Fax: (212) 319-7605** | **Fax: (973) 937-7850** |
| ***Please respond to NJ address** | |

EMAIL: barry@bordetskylaw.com

Admitted in NY/NJ                                                                                         *Of Counsel, Littman Krooks LLP

January 8, 2024

**By ACMS**
Ms. Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals
  For The Second Circuit
40 Foley Square
New York, New York 10007

Attn: Christina

Re: <u>EMA Financial, LLC v. Vystar Corp. (Docket No. 24-10) (19-cv-1545 - GWG)</u>

Dear Madam Clerk:

This office represents Vystar Corp. ("Vystar") in the above referenced case, and will continue to represent Vystar for any appeals before this Court.

On December 27, 2023, EMA Financial, LLC filed a notice of appeal. Dkt. No. 261. The notice, however, was filed prematurely. As the District Court's docket will demonstrate, on November 27, 2023, the Court issued its Memorandum and Opinion on the parties' respective summary judgment motions. Dkt. No. 251-252. In the ordinary course the parties would have thirty days in accordance with federal appellate procedure to file their notices of appeal. Fed. Rule App. Proc. ("FRAP") 4(a)1(A). However, on December 12, 2023, the plaintiff filed a motion for reconsideration in accordance with Fed.R.Civ.P. 59. Dkt. Nos. 259-260. The filing of that motion stays the time for the parties to file their respective notices of appeal.

The authority on this point holds the filing of plaintiff's Rule 59(e) motion within the requisite period and prior to the notice of appeal "suspends the finality of the original judgment" for purposes of an appeal. *FCC* v. *League of Women Voters of Cal.*, 468 U.S. 364, 373, n. 10, 104 S. Ct. 3106, 82 L. Ed. 2d 278 (1984) (internal quotation marks and alterations omitted). Once the Rule 59(e) motion is filed there is no longer a final judgment to appeal from. See *Osterneck* v. *Ernst & Whinney*, 489 U.S. 169, 174, 109 S. Ct. 987, 103 L. Ed. 2d 146 (1989). Only the disposition of that motion "restores th[e] finality" of the original judgment, thus starting the 30-day appeal clock. *League of Women Voters*, 468 U.S., at 373, n. 10 (internal quotation marks omitted); see FRAP 4(a)(4)(A)(iv) (A party's "time to file an appeal runs" from "the entry of the order disposing of the [Rule 59(e)] motion"); see also *Rouviere v. DePuy Orthopaedics, Inc.*, 560 F. Supp. 3d 774, 787 (S.D.N.Y. 2021), *reconsideration denied,* 2021 WL 5854283

**Law Offices of Barry M. Bordetsky**

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals
  For the Second Circuit
January 8, 2024
Page 2 of 2

(S.D.N.Y. Dec. 9, 2021)("the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion.") And if an appeal follows, the ruling on the Rule 59(e) motion merges with the prior determination, so that the reviewing court takes up only one judgment. See 11 Wright & Miller [***8] § 2818, at 246; *Foman* v. *Davis*, 371 U.S. 178, 181, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) Accordingly, the appropriate time for any appeal of the District Court's decision will be after the motion for reconsideration is resolved by the District Court.

    To that end, Vystar respectfully requests a notation in the docket as well as with the District Court indicating plaintiff's motion for reconsideration in the District Court stays the time for the filing of any notice of appeal until said motion is resolved by the District Court.

    Respectfully submitted,

    **Law Offices of Barry M. Bordetsky**

    By: /s/Barry Bordetsky
          Barry M. Bordetsky

c: Jeffrey Fleishmann, Esq. (by ACMS)